Filing # 83100161 E-Filed 01/15/2019 03:17:55 PM

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA

K. Hawkins, on behalf of C.D.G., a minor,

                                              CASE NO:
                                              DIVISION:

            Plaintiffs,

v.

DUVAL COUNTY SCHOOL BOARD and
LINDA S. HAGGARD, individually,

            Defendants.

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, K.HAWKINS, individually and on behalf of C.D.G., and by and through the undersigned counsel, and in accordance with the applicable Florida Rules of Civil Procedure, and hereby sues defendants, DUVAL COUNTY SCHOOL BOARD and LINDA S. HAGGARD, individually, and allege as follows:

### PARTIES

1. The Plaintiff, K.HAWKINS, is an individual *sur juris* and the parent, mother, of C.D.G. K.HAWKINS resides within Duval County School District.

2. The Plaintiff, C.D.G. is a disabled student, African- American, minor, who attends a public school within Duval County School District.

3. The Defendant, School Board of Duval County, Florida (herein after "BOARD" or "District") is a corporate body and governmental agency duly empowered by the constitution and statutes of the state of Florida to administer, manage, and operate the Duval County Public Schools. The BOARD receives local, state and federal funding for the education of children with disabilities. The BOARD meets the definition of a public

*Disability Independence Group, Inc. *2990 SW 35th Ave*Miami, Florida 33133*

*C.D.G. v. Duval County School Board*
*Complaint*
*Page 2 of 14*

entity under 42 U.S.C. § 12131.

4. The defendant, LINDA S. HAGGARD (herein after "HAGGARD"), at all times material to this action, was and is a resident of Duval County, Florida and is otherwise *suri juris*. At the time of the abuse described herein, HAGGARD was an employee of the BOARD and C.D.G.'s classroom teacher.

## JURISDICTION AND VENUE

5. This is an action for damages in excess of fifteen thousand dollars $15,000.00, exclusive of interest and costs, and otherwise within the jurisdictional limits of this Court.

6. Venue is proper in Duval County, Florida, because the incident from which this cause of action arises occurred in Duval County, Florida.

## GENERAL ALLEGATIONS

7. This action arises out of unlawful intentional acts of false imprisonment, gross neglect and other acts of misconduct against C.D.G. by his classroom teacher, HAGGARD, who committed such heinous acts on Plaintiff while working as an employee of the BOARD.

8. At all times material, Plaintiff was a under the care, custody and control of HAGGARD.

9. C.D.G. is a student who has been identified by the BOARD as a disabled student and in need of exceptional student educational services.

10. C.D.G. has been diagnosed with an Autism Spectrum Disorder.

11. C.D.G. is nonverbal and unable to communicate as his same aged peers.

12. C.D.G. communicates through his behaviors.

*Disability Independence Group, Inc. *2990 SW 35th Ave*Miami, Florida 33133*

13. C.D.G. has an individualized education plan (IEP) which describes the student's deficits and the supports needed in the school setting to ensure that C.D.G. can access his education.

14. During the 2015-2016 school year, C.D.G. attended Alimacani Elementary School, a public school within the Duval County public school district.

15. C.D.G. began attending Alimacani Elementary in October 2015.  C.D.G. was 3 years old and in Pre-kindergarten.

16. Defendant, HAGGARD, was his classroom teacher during the 2015-2016 school year.

17. C.D.G. exhibited what HAGGARD described as disruptive behaviors in the classroom.

18. HAGGARD would call K.HAWKINS to pick up C.D.G. from school early because of these disruptive behaviors.

19. It was later learned that HAGGARD was also locking C.D.G. in a dark closet as a form of discipline.

20. During the 2015-2016 school year, Defendant, HAGGARD, would lock C.D.G. in a closet as a form of discipline.

21. HAGGARD would threaten other students that if they did not behave they would also be locked in the closet.

22. The closet was a storage closet, filled with books, papers, cleaning supplies and other supplies.

23. The closet had a lock on the door, which could be and was locked from the outside.

24. The closet had a light, which could be and was turned off from the outside.

25. The closet did not have a window that would allow someone to look into the closet from the outside.

*Disability Independence Group, Inc. *2990 SW 35th Ave*Miami, Florida 33133*

*C.D.G. v. Duval County School Board*
*Complaint*
*Page 4 of 14*

26. C.D.G. was locked in the closet.  The door of the closet was locked from the outside and could not be opened from the inside and could not be opened from the outside without a key.

27. C.D.G. was locked in the closet and the lights were turned off so that there was complete darkness inside the closet while C.D.G. was locked inside.

28. While C.D.G. was locked inside the closet, in the dark, there was no way to monitor or otherwise see inside the closet to ensure that C.D.G. was safe or unharmed.

29. C.D.G. was unable to leave the closet of his own free will, was unable to yell for help or otherwise communicate if something was wrong while he was inside the closet.

30. C.D.G. was locked in the closet when he was misbehaving or otherwise not complying with HAGGARD's demands.

31. C.D.G. was locked in a closet for behaviors that were a clear manifestation of his disability.

32. Locking C.D.G. in a dark closet is not an appropriate intervention to address any problem behaviors or noncompliance in this school setting.  This abuse is in direct contradiction to C.D.G.'s IEP.

33. C.D.G. was locked in the closet repeatedly for different durations of time throughout the school year.

34. This abuse continued until another employee reported HAGGARD to her supervisor.

35. An investigation was commenced.

36. C.D.G. was removed from the school and placed in a more restrictive setting.

37. HAGGARD was allowed to continue to teach in the classroom.

38. The investigation substantiated the allegations made by the witness and HAGGARD received a reduced punishment of a five day suspension.

*Disability Independence Group, Inc. *2990 SW 35th Ave*Miami, Florida 33133*

39. There were no cameras in the classroom or in or around the closet.

40. The abused by HAGGARD was never reported to the family.

41. Even after the BOARD learned about the abuse and began investigating the same, the BOARD never informed the family.

42. K.HAWKINS first learned about the abuse when it appeared in the local newspaper and on the local news.

43. During this time, C.D.G.'s unwanted behaviors in school began to increase and intensify.

44. C.D.G. began to regress.

45. HAGGARD's abuse was never reported to the IEP team or the employees responsible for addressing C.D.G.'s needs and his placement.

46. C.D.G. was removed and placed in a more restrictive placement, in part, because of the increase in problem behaviors.

47. The BOARD failed to provide the requisite level of support, training and monitoring of HAGGARD to ensure that C.D.G. would be safe in the school setting.

48. C.D.G. suffered injury because of the abuse by HAGGARD and the BOARD's failure to protect him in the school setting.

49. The Plaintiffs have complied with all the conditions precedent to maintaining this action, including statutory notice to the Defendant BOARD pursuant to Florida Statue section 768.28.

50. Plaintiffs have engaged the Disability Independence Group, Inc., to represent them in this action and are obligated to pay reasonable fees for services and costs related thereto.

## COUNT I
## FALSE IMPRISONMENT

51. Plaintiff, C.D.G., repeats and re-alleges the allegations in paragraphs 1 through 50 of the Complaint as if fully set forth herein.

52. During the 2015-2016 school year, HAGGARD was acting as an employee of the BOARD, and was so employed as a teacher for C.D.G., who is a nonverbal disabled student.

53. HAGGARD repeatedly locked C.D.G. in a closet.

54. C.D.G. was confined to the closet and was not free to leave or move while confined.

55. HAGGARD had no sufficient legal authority to confine or otherwise lock C.D.G. in a closet.

56. The abuse was amplified by HAGGARD turning out the lights so that it was dark inside the closet.

57. The abuse was also amplified by C.D.G.'s young age, autism, developmental disabilities and inability to communicate.

58. HAGGARD's conduct rises to the level of aggravated child abuse and aggravated criminal false imprisonment.

59. HAGGARD's acts of confinement were unreasonable, unwarranted and done without legal authority or justification.

60. HAGGARD's acts of confinement and abuse were done purposefully with the knowledge that such confinement would result in C.D.G. being unable to move freely.

61. In fact the whole intent was to ensure that C.D.G. could not move freely and would be confined to a specific area.

62. C.D.G. was held against his will and without his consent.

*Disability Independence Group, Inc. *2990 SW 35th Ave*Miami, Florida 33133*

63. C.D.G. suffered injury, including mental anguish, regression, fright, shame and embarrassment from the indignity and disgrace of being locked in a closet for behaviors which were a manifestation of his disabilities.

**WHEREFORE**, the Plaintiff, C.D.G. by and through his mother, K.HAWKINS sues Defendant HAGGARD for damages in excess of $15,000 including pre-and post-judgment interest to the extent allowed by law, plus costs and interest, and demands a jury trial of all triable issues.

## COUNT II
## NEGLIENT SUPERVISION

64. Plaintiff, C.D.G., repeats and re-alleges the allegations in paragraphs 1 through 50 of the Complaint as if fully set forth herein.

65. Defendants, BOARD and HAGGARD, had a legal duty to properly supervise C.D.G. while he was on a school campus.

66. Defendant, BOARD, breached such duty by failing to supervise C.D.G. in a manner that protected him from repeatedly being locked in a dark, small, closet.

67. The Defendant, HAGGARD, was negligent in her duty to supervise the Plaintiff, C.D.G.

68. As a direct and proximate cause of the negligent supervision, the Plaintiff, C.D.G., suffered injury.

69. These injuries were entirely preventable.

70. The Defendants, BOARD and HAGGARD, were negligent in the manner that C.D.G. was supervised while in the school building.

**WHEREFORE**, the Plaintiff, C.D.G. by and through his mother, K.HAWKINS, sues Defendant, BOARD and HAGGARD for damages in excess of $15,000 including pre-and post-judgment interest to the extent allowed by law, plus costs and interest, and demands a jury

trial of all triable issues.

## COUNT III
## NEGLIGENCE

71. Plaintiff, C.D.G., repeats and re-alleges the allegations in paragraphs 1 through 50 of the
Complaint as if fully set forth herein.

72. At all times material, the BOARD owed a duty to C.D.G. to use reasonable care to ensure
C.D.G.'s safety, care, health, and wellbeing by hiring, retaining, assigning, supervising and
training its faculty who were employed and/or acted as agents in supervisory roles, such as
HAGGARD in her position as an teacher of special education students.  The special
education students, and young students, are some of the most vulnerable in the public
school system.

73. At all times material, the BOARD was in *loco parentis* and was held to a standard of
reasonable protection for the Plaintiff – nonverbal disabled child student.

74. At all times material, the BOARD knew, or in the exercise of reasonable care should have
known, that HAGGARD was unfit, dangerous and a threat to the health, safety, and welfare
of C.D.G. and other disabled, non-verbal or uncommunicative students.

75. At all times material, the BOARD owed C.D.G. a duty to investigate HAGGARD's past
and present conduct and warn C.D.G. and his parents of the potential for harm from
HAGGARD, disclose its awareness of facts regarding HAGGARD that created a likely
potential for harm, provide a safe environment for C.D.G. from exposure to harmful
individuals like HAGGARD.

76. At all times material, the BOARD had a duty to ensure that the appropriate interventions
and accommodations and services and supports were in place for this disabled student.

*Disability Independence Group, Inc. \*2990 SW 35th Ave\*Miami, Florida 33133*

77. At all times material, the BOARD had a duty to ensure that the staff working with and having contact with C.D.G. were trained on his disability and his needs and that they had the appropriate services, interventions and supports in place to ensure C.D.G.'s safety on a school campus.

78. At all times material, the BOARD breached these duties in one or more of the following ways:

   a. Failing to provide a safe environment for C.D.G. where he would be free from false imprisonment by HAGGARD, a teacher, agent and/or employee of the BOARD;

   b. Failing to provide a safe environment for C.D.G. where he would be free from abuse, humiliation and embarrassment;

   c. Failing to have policies and procedures in place to protect its students from abuse by teachers such as HAGGARD;

   d. Failing to have policies and procedures in place to timely inform families about abuse their children suffer at the hands of an employee; and

   e. Failing to provide the appropriate services and/or training for staff interacting with a disabled student.

79. As a further direct and proximate cause of the negligence of the BOARD, C.D.G. was subjected to abuse and false imprisonment which caused C.D.G. to suffer injures, regression, humiliation, embarrassment, anxiety, loss of trust and loss of the capacity for the enjoyment of life.

   **WHEREFORE**, the Plaintiff, C.D.G. by and through his mother, K.HAWKINS, sues Defendant, BOARD and HAGGARD for damages in excess of $15,000 including pre-and post-judgment interest to the extent allowed by law, plus costs and interest, and demands a jury

*Disability Independence Group, Inc. *2990 SW 35th Ave*Miami, Florida 33133*

*C.D.G. v. Duval County School Board*
*Complaint*
*Page 10 of 14*

trial of all triable issues.

## COUNT IV
## NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION

80. Plaintiff, C.D.G., repeats and re-alleges the allegations in paragraphs 1 through 50 of the Complaint as if fully set forth herein.

81. At all times material, the BOARD owed a duty to the public and specifically to C.D.G., a disabled student, to employ qualified and competent teachers to work within its schools, and specifically within its disabled students, including HAGGARD.

82. This duty is even greater in the context of a public school where parents have a trust and faith in the leaders, a reliance on those who are chosen to lead, and the school acts in *loco parentis*.

83. The BOARD has an extra duty to protect students with disabilities and receives local, state and federal monies to do the same. This duty includes having the appropriate services, supports, interventions and trained staff in place to meet the unique needs of each disabled student, including C.D.G.

84. At all times material, the BOARD owed a duty to the public and Plaintiff, C.D.G., to make an appropriate supervision and investigation of its employees, servants, and/or agents who were in or would be placed in a position to come into contact with disabled students of the BOARD.

85. At all times material, the BOARD owed a duty to Plaintiff, C.D.G. to terminate any and all employees, servants and/or agents that it knew or should have known had engaged or sought to engage in abusive and/or neglectful conduct with its disabled students.

86. At all times material, the BOARD owed a duty to Plaintiff, C.D.G. to make an appropriate

*Disability Independence Group, Inc. *2990 SW 35th Ave*Miami, Florida 33133*

investigation of its employees, servants, and/or agents who were in or would be placed in a position to come into contact with disabled students, and to ensure the disabled students' individual needs were being met and that these students were free from physical and verbal abuse, humiliation and false imprisonment.

87. At all times material, the BOARD owed a duty to Plaintiff, C.D.G. to terminate any and all employees, servants, and/or agents that it knew or should have known had engaged or sought to engage in abusive harmful behavior.

88. Defendant knew or in the exercise of reasonable care should have known that by allowing Defendant HAGGARD to have access to disabled students without proper supervision or oversight, and/or without the proper supports, interventions, accommodations or services, that disabled students were at grave risk of being subjected to verbal and physical abuse and humiliation.

89. At all times material, the BOARD breached its duty to Plaintiff, C.D.G. in the following ways:

　　a. failing to hire competent and qualified employees, servants, agents and/or agents without proclivities to engage in abusive and neglectful acts against its disabled students;

　　b. failing to investigate the fitness for employment of HAGGARD;

　　c. failing to train its employees, servants and/or agents to work with disabled students with respect and dignity;

　　d. failing to supervise HAGGARD in a proper manner to prevent the abuse of its disabled student C.D.G.;

　　e. failing to terminate or reassign those employees, servants, and/or agents who

engaged in abusive conduct such as HAGGARD against C.D.G.;

90. As a further direct and proximate cause of the negligence of the BOARD, C.D.G., has suffered injury, humiliation, regression, embarrassment, anxiety, loss of trust and loss of the capacity for the enjoyment of life.

**WHEREFORE**, the Plaintiff, C.D.G. by and through his mother, K.HAWKINS, sues Defendant, BOARD and HAGGARD for damages in excess of $15,000 including pre-and post-judgment interest to the extent allowed by law, plus costs and interest, and demands a jury trial of all triable issues.

## COUNT V
## 42 U.S.C. SECTION 1983

91. Plaintiff, C.D.G., repeats and re-alleges the allegations in paragraphs 1 through 50 of the Complaint as if fully set forth herein.

92. At all times material, the Fourteenth Amendment provides Plaintiff a right as a public school student to personal security and bodily integrity and Equal Protection.

93. Defendant, BOARD, was a state actor acting under the color of state law.

94. Defendant, BOARD, subjected C.D.G., to violations of his right to personal security and bodily integrity and Equal Protection by:

    a. Failing to adequately train HAGGARD and other staff to ensure that C.D.G. was not abused while on at school;

    b. Failing to adequately train HAGGARD to ensure that C.D.G. would not be locked in a closet as a form of discipline; and

    c. Failing to adequately supervise employees and/or agents of the BOARD, to ensure that disabled students were not able to be abused;

*Disability Independence Group, Inc. *2990 SW 35th Ave*Miami, Florida 33133*

*C.D.G. v. Duval County School Board*
*Complaint*
*Page 13 of 14*

95. Defendant, BOARD, has and/or had unconstitutional customs or policies of failing to adequately train and supervise BOARD employees with regard to maintaining, preserving and protecting students with disabilities from violations of their right to personal security, bodily integrity and Equal Protection.

96. Defendant, BOARD's policies and practices and/or lack thereof constitute disparate treatment of and deliberate indifference towards disabled students.

97. As a direct and proximate result of the BOARD's written and unwritten customs and practices, C.D.G. was exposed abuse, false imprisonment, humiliation and regression which caused injury - psychological, regression, humiliation, embarrassment, anxiety and trauma.

98. As a further direct and proximate cause of the BOARD's customs and policies, C.D.G. has suffered damages.

WHEREFORE, the Plaintiff, C.D.G. by and through his mother, K.HAWKINS, sues Defendant, BOARD and HAGGARD for damages in excess of $15,000 including pre and post-judgment interest to the extent allowed by law, plus costs and interest, and demands a jury trial of all triable issues.

## COUNT VI
## FLORIDA EDUCATIONAL EQUITY ACT

99. Plaintiff, C.D.G., repeats and re-alleges the allegations in paragraphs 1 through 50 of the Complaint as if fully set forth herein.

100. The Florida Educational Equity Act (FEEA) prohibits discrimination against students in the Florida public school system on the basis of race and disability. s. 1000.05, F.S.

*Disability Independence Group, Inc. *2990 SW 35th Ave*Miami, Florida 33133*

*C.D.G. v. Duval County School Board*
*Complaint*
*Page 14 of 14*

101.   No person shall be excluded from participation in, be denied benefits of or be subjected to discrimination under any public education program or activity.

102.   The discriminatory acts and omissions by the BOARD because of C.D.G.'s race and disability resulted in the exclusion from participation in, benefits of the public school program.

103.   As a result of the BOARD's actions, the Plaintiff, C.D.G., suffered damages.

**WHEREFORE,** C.D.G. by and through his mother K.HAWKINS, demands judgment against the Defendant, BOARD, for damages, together with their attorney's fees and costs, and such further relief as the court deems just and equitable.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff, C.D.G., by and through his mother K.HAWKINS hereby demands a trial by jury on all issues so triable.

Dated this 15th day of January, 2019.

BY:    /s/ *Stephanie Langer*
       Stephanie Langer, Esq.
       Fla Bar no: 149720
       Disability Independence Group, Inc.
       2990 Southwest 35th Avenue
       Miami, Florida 33133
       Phone: (305) 669-2822
       Fax: (305) 442-4181
       SLanger@justdigit.org
       aa@justdigit.org

       *Attorneys for Plaintiffs*

*Disability Independence Group, Inc. *2990 SW 35th Ave*Miami, Florida 33133*